UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GUY H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

1:20-CV-00608 EAW

**INTRODUCTION**

Represented by counsel, Plaintiff Guy H. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 10; Dkt. 14). For the reasons discussed below, the Commissioner's motion (Dkt. 14) is granted and Plaintiff's motion (Dkt. 10) is denied.

**BACKGROUND**

Plaintiff protectively filed his applications for DIB and SSI on April 1, 2014.[1] (Dkt. 8 at 15, 74). In his applications, Plaintiff alleged disability beginning May 1, 2011. (Id. at 15, 74). Plaintiff's applications were initially denied on July 14, 2014. (Id. at 88-95). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") David Begley on July 29, 2016. (Id. at 33-74). On September 22, 2016, the ALJ issued an unfavorable decision. (Id. at 41-71). Plaintiff requested Appeals Council review; his request was denied on December 1, 2017, making the ALJ's determination the Commissioner's final decision. (Id. at 6-12).

Plaintiff filed an action in this District seeking review of the Commissioner's denial of his applications. On April 19, 2019, United States District Judge Frank P. Geraci, Jr. entered a Decision and Order finding that the ALJ had failed to adequately explain the basis for his determination of Plaintiff's residual functional capacity, leaving the Court without "an adequate basis for meaningful judicial review." (*Id*. at 506-12). Judge Geraci accordingly remanded the matter for further administrative proceedings. (*Id*. at 513).

On remand, the Appeals Council entered an Order instructing the ALJ to offer Plaintiff the opportunity for a hearing, to take any further action needed to complete the administrative record, and to issue a new decision. (*Id*. at 517).

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

ALJ Begley held a second hearing on October 25, 2019. (*Id*. at 460-505). On January 21, 2020, the ALJ issued a second unfavorable decision. (*Id*. at 439-58). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**II. Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*.

§§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

## I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on March 31, 2012. (Dkt. 8 at 445). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since May 1, 2011, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, obesity, major depressive disorder, and generalized anxiety disorder. (*Id.* at 445). The ALJ found that Plaintiff's medically determinable impairment of hypertension was non-severe. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.

(*Id.*). The ALJ particularly considered the criteria of Listings 1.04, 12.04, and 12.06, as well as the effects of Plaintiff's obesity, in reaching this conclusion. (*Id.* at 446-47).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except with the additional limitations that:

> [Plaintiff] cannot climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and [must] avoid concentrated exposure to extreme cold, to humidity and wetness, to slippery and uneven surfaces, as well as hazardous machinery, unprotected heights, and open flames. [Plaintiff] is limited to simple, routine, and repetitive tasks; work in a low-stress job, defined as being free of fast-paced production requirements, no hazardous conditions, only occasional decision-making required, and only occasional changes in the work setting; and occasional interactions with co-workers, supervisors, and the general public.

(*Id*. at 447).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 451).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of sorter, packer, and cleaner. (*Id.* at 452). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 453).

## II. The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error

Plaintiff argues that this matter must be remanded for further administrative proceedings because (1) the ALJ determined Plaintiff's mental RFC without the benefit of a treating or examining psychiatric or psychological opinion and (2) the ALJ did not give more than partial weight to any of the medical opinions regarding Plaintiff's physical RFC, and instead reached a determination based on his own lay opinion. (Dkt. 10-1). The Court is not persuaded by these arguments, for the reasons discussed below.

### A. Determination of Mental RFC

"In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). The ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). Thus, generally, "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted). "Where, however, the record

contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (quotations, alteration, and citations omitted).

Here, while the record does not contain a formal medical opinion from a psychologist or psychiatrist, it contains the complete treatment notes from Plaintiff's mental health treatment providers, including specific assessments of the impairments in Plaintiff's functioning. (*See, e.g.,* Dkt. 8 at 211 (noting that Plaintiff had moderate impairments in social interaction and activities, assertiveness, close relationships, and social isolation), 222 (same), 728 (same)). The completeness of these records enabled the ALJ to make an appropriate determination of Plaintiff's mental RFC. In particular, the ALJ explained that Plaintiff's documented history of socially isolating behavior warranted a limitation to occasional interactions with co-workers, supervisors, and the general public. (Dkt. 8 at 449). This finding is consistent with the moderate impairments identified in Plaintiff's treatment notes. *See Reilly v. Colvin*, No. 1:13-CV-00785 MAT, 2015 WL 6674955, at *3 (W.D.N.Y. Nov. 2, 2015) ("[G]enerally a limitation to only 'occasional' or 'limited' contact with others has been found sufficient to account for moderate limitations in social functioning."). The ALJ further appropriately limited Plaintiff to simple, routine, repetitive tasks and low-stress jobs based on his self-reported symptoms of low energy and occasional racing thoughts. (Dkt. 8 at 459); *see Hamilton v. Comm'r of Soc. Sec.*, No. 19-CV-770 (JLS), 2020 WL 5544557, at *6 (W.D.N.Y. Sept. 16, 2020) ("A claimant's testimony is acceptable evidence to support the inclusion of specific [limitations] . . . in an

RFC determination."). The ALJ further reasonably concluded that the record did not support the imposition of any further limitations in Plaintiff's mental functioning, noting Plaintiff's largely normal mental health examinations, including consistently intact memory, attention, concentration. (Dkt. 8 at 459).

While Plaintiff points to some evidence of record that he claims establishes that his mental functioning was more limited than determined by the ALJ (*see* Dkt. 10-1 at 16), "whether there is substantial evidence supporting [Plaintiff's] view is not the question here; rather, [the Court] must decide whether substantial evidence supports the ALJ's decision." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013); *see also Torres o/b/o J.L.M.C. v. Saul*, No. 19-CV-0072, 2020 WL 3046084, at *5 (W.D.N.Y. June 8, 2020) ("The relevant question is not whether there might be some evidence in the record supporting [the plaintiff's] position, but rather whether substantial evidence supports the ALJ's decision."). Here, the ALJ's determination of Plaintiff's mental RFC was supported by the substantial evidence in the record regarding Plaintiff's psychological functioning, and the Court does not find, under these circumstances, that the lack of a formal medical opinion requires remand.

**B. <u>Determination of Physical RFC</u>**

The Court turns next to Plaintiff's contention that the ALJ assessed his physical RFC based on his own lay surmise. This argument is not supported by the record. The ALJ's opinion was essentially consistent with the opinion of consultative examiner Dr. Nikita Dave, who examined Plaintiff on July 5, 2019, and opined that he had "mild to moderate limitations for prolonged sitting [and] heavy lifting/carrying" and was required

to "[a]void ladders and heights." (Dkt. 8 at 1009). Dr. Dave further indicated that Plaintiff could only occasionally be exposed to unprotected heights and extreme cold, that he could only frequently be exposed to moving mechanical parts, humidity and wetness, and extreme heat, and that he could only frequently climb stairs and ramps, stoop, kneel, and crouch. (*Id*. at 1014). The ALJ appropriately credited Dr. Dave's opinion regarding postural activities and lifting and carrying, noting that they were supported by Dr. Dave's own examination and otherwise consistent with the evidence of record. (*Id*. at 450).[2]

The ALJ did indicate that he did not find Dr. Dave's opinion that Plaintiff had a mild to moderate limitation in prolonged sitting persuasive. (*Id*.). However, a mild to moderate limitation in prolonged sitting is appropriately "accommodated by [an] ALJ's limitation to light work as well as normal work breaks." *Tompkins v. Colvin*, No. 13-CV-911, 2015 WL 10382575, at *6 (W.D.N.Y. Dec. 23, 2015), *adopted*, 2016 WL 792428 (W.D.N.Y. Mar. 1, 2016); *see also Chelsea V. v. Comm'r of Soc. Sec.*, No. 20-CV-501-FPG, 2021 WL 2649650, at *3 (W.D.N.Y. June 28, 2021) (explaining that ALJ appropriately found that a moderate limitation in prolonged sitting was consistent with the ability to "sit for up to six hours each workday (with normal breaks)"); *Gerald L. v. Comm'r*

---

2 It is not reversible error for the ALJ to have afforded Plaintiff the benefit of the doubt and limited him to occasional climbing of stairs and ramp, kneeling, crouching, and stooping, even though Dr. Dave opined that Plaintiff could perform these activities frequently. *See, e.g., Beckles v. Comm'r of Soc. Sec.*, No. 18-cv-321P, 2019 WL 4140936, at *5 (W.D.N.Y. Aug. 30, 2019) ("Here, the ALJ did not completely reject [the consultative examiner's] medical opinion; rather, she incorporated [the consultative examiner's] assessed limitations and also included greater limitations than opined by [the consultative examiner]. I find that the ALJ's RFC determination is supported by medical opinion evidence and is not the product of the ALJ's own lay interpretation of the medical evidence.").

*of Soc. Sec.*, No. 18-CV-555, 2019 WL 4573419, at *7 (N.D.N.Y. Sept. 20, 2019) ("Dr. Prezio's assessment of 'mild to moderate limitations' in Plaintiff's ability to sit, stand, or walk is consistent with an RFC for light work." (collecting cases)); *Swain v. Colvin*, No. 1:14-CV-00869 (MAT), 2017 WL 2472224, at *3 (W.D.N.Y. June 8, 2017) (moderate limitation in prolonged sitting could be accommodated with "normal breaks and meal periods"). As such, even though the ALJ was not persuaded by Dr. Dave's opinion regarding Plaintiff's ability to sit for prolonged periods, his ultimate RFC determination was consistent with the limitations identified by Dr. Dave.

The Court finds no support in the record for the contention that the ALJ relied on his own lay opinion in fashioning his physical RFC finding. Instead, the ALJ appropriately relied on Dr. Dave's opinion, supplemented by the other medical evidence of record and Plaintiff's testimony. The Court accordingly finds no basis to disturb the ALJ's conclusions.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 14) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 10) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 9, 2021
Rochester, New York